1
2
3
4
5
6
7
8                     UNITED STATES DISTRICT COURT
9                     NORTHERN DISTRICT OF CALIFORNIA
10                         SAN FRANCISCO DIVISION
11   JULIA MARY SOTELO,                    Case No. 12-cv-04604 NC
12                Plaintiff,               **ORDER DISMISSING COMPLAINT**
                                           **WITHOUT LEAVE TO AMEND**
13            v.
14   REO CAPITAL INVESTMENT AND
     ASSET MANAGEMENT, INC.,
15
16                Defendant.
17
18        On August 31, 2012, Plaintiff Julia Mary Sotelo filed a complaint against Defendant
     REO Capital Investment and Asset Management, Inc. ("REO") and an application to
19
     proceed in forma pauperis.  Plaintiff consented to the jurisdiction of a United States
20
     magistrate judge under 28 U.S.C. § 636(c).  The Court granted Sotelo's motion to proceed
21
     in forma pauperis on September 11, 2012.  The issue is whether Sotelo's claim can survive
22
     the mandatory, sua sponte review under 28 U.S.C. § 1915(e)(2) of complaints proceeding in
23
     forma pauperis.  Because Sotelo fails to state a claim for relief, the Court dismisses the
24
     action without leave to amend.
25
                                **I. BACKGROUND**
26
          REO sued Sotelo in Superior Court of California for the County of San Joaquin on
27
     July 18, 2012 for unlawful detainer.  *See* Case No. 12-cv-04665 NC, Dkt. No. 1.  Sotelo
28
     Case No. 12-cv-04604 NC
     ORDER DISMISSING COMPLAINT

filed this action against REO alleging that REO had violated the Protecting Tenants at Foreclosure Act ("PTFA"), which gives tenants ninety days to vacate premises that have been foreclosed upon. Case No. 12-cv-04604 NC, Dkt. No. 1. Sotelo also filed a separate action against REO's attorney, Chad Wood, alleging that he too, violated the PTFA. Case No. 12-cv-04602 MEJ, Dkt. No. 1. In addition, Sotelo filed a notice to remove to federal court REO's unlawful detainer claim against her. Case No. 12-cv-04665 NC, Dkt. No. 1.

Chief Magistrate Judge James screened Sotelo's case against Wood under §1915(e)(2) and ultimately dismissed the action because the PTFA does not include a private right of action. Case No. 12-cv-04602 MEJ, Dkt. No. 6. This Court ordered Sotelo to show cause why venue was proper and why this action should not be related to the action she removed to federal court. Sotelo did not respond. October 11, 2012, this Court held a hearing on REO's motion to remand pending in Case No. 12-cv-04665 and to consider whether, for efficiency, the pending actions between Sotelo and REO should be related to each other or to Sotelo's case against Wood. Dkt. No. 6. Sotelo did not appear.

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1915(a)(1), "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding . . . without prepayment of frees or security thereof." 28 U.S.C. § 1915(a)(1). "Any person wishing the Court to authorize prosecution or defense of the action without payment of fees or security, pursuant to 28 United States Code § 1915, must submit . . . an Ex Parte Motion to Proceed In Forma Pauperis, pursuant to Civil L.R. 7-11." Civil L.R. 3-10(a).

Under 28 U.S.C. § 1915(e)(2), the court must dismiss a complaint at any time if the court determines that the pleading is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(a). In order to properly state a claim for relief, a complaint must contain more than "labels and conclusions"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

1    A complaint is legally frivolous when it lacks an arguable basis in law or in fact.

2    *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28

3    (9th Cir. 1984).  Under this standard, a court must dismiss a complaint as frivolous where it

4    is based on an indisputably meritless legal theory or where the factual contentions are

5    clearly baseless.  *Neitzke*, 490 U.S. at 327; 28 U.S.C. § 1915(e) (stating that the court "is not

6    bound, as it usually is when making a determination based solely on the pleadings, to accept

7    without question the truth of the plaintiff's allegations.").

### III. DISCUSSION

9    The Protecting Tenants at Foreclosure Act of 2009, codified at 12 U.S.C. § 5201, *et*

10   *seq.*, requires any party acquiring an interest in property through foreclosure to provide

11   existing tenants with ninety-days' notice to vacate.  PL 111-22, May 20, 2009, 123 Stat

12   1632, Sec. 702.  Nevertheless, Congress did not create a private right of action to enforce

13   this provision.  *See, e.g.*, *Miller v. Chase Home Fin., LLC*, 677 F.3d 1113, 1116 (11th Cir.

14   2012) (holding that 12 U.S.C. § 5201 *et seq.* does not create private right of action);

15   *Deutsche Bank Nat. Trust Co. v. Eaddy*, 12-cv-01845 YGR, 2012 WL 4173987, at *1 (N.D.

16   Cal. Sept. 18, 2012) ("The PTFA is intended to be used for protection in state court but does

17   not create a private right of action or a basis for federal subject matter jurisdiction.").

18   Sotelo alleges only one claim against REO: violation of the ninety-day notice

19   provision of the PTFA.  Because the PTFA does not accord a private right of action to

20   redress this alleged violation, Sotelo cannot state a claim for relief.  Accordingly, the Court

21   DISMISSES THE ACTION WITHOUT LEAVE TO AMEND.

22   //

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## IV. CONCLUSION

The Court reviews this action under § 1915 and finds that Sotelo fails to state a claim on which relief may be granted because the PTFA does not create a private right of action. Therefore, Sotelo's claim for violation of the PTFA against REO is DISMISSED WITHOUT LEAVE TO AMEND.

IT IS SO ORDERED.

Date: October 22, 2012

_____
Nathanael M. Cousins
United States Magistrate Judge